UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IDELLA G. SCOTT,                                    CASE NO.:

      PLAINTIFF,

v.

LOIS H. HUNTER, INDIVIDUALLY AND AS
TAX COLLECTOR FOR JEFFERSON COUNTY,
FLORIDA,

      DEFENDANT.
_____/

## **COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, Idella G. Scott, by undersigned counsel, sues Defendant Lois H. Hunter, individually and as Tax Collector for Jefferson County Florida and states:

1.    This is an action for damages, declaratory and injunctive relief arising from the past and ongoing deprivation by Defendant under color of state law of Plaintiffs constitutional rights to free speech, association, and due process under the First and Fourteenth Amendments and from the defamation of the Plaintiff by Defendant under Florida state law.

## **JURISDICTION**

2.    The amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

3.    The jurisdiction of this court is invoked pursuant to Title 28 United States Code §§1331, 1334, 1343(3) and 2201. The Plaintiffs causes of action alleging deprivation by Defendant under color of state law of Plaintiffs constitutional rights arise under Title 42 United States Code §1983. Plaintiff claims for attorneys fees arise under Title 42 United States Code §1988. Plaintiff pendent state claims alleging defamation arise under Florida state law and for which jurisdiction is invoked pursuant to 28 United States code §1367

4.    The actions complained of herein including the deprivation of Plaintiffs constitutional rights occurred and continue to occur in the Northern District of Florida.

## **PARTIES**

5.    Plaintiff Idella G. Scott is a resident and citizen of Monticello, Jefferson County, Florida. Since February 14, 2001, Plaintiff Idella G. Scott has been employed as a Deputy Clerk by the Defendant elected Tax Collector of Jefferson County, Florida, Lois H. Hunter.  The Plaintiff Idella G. Scott has never been provided with a negative annual evaluation of her work performance.

6.    Defendant Lois H. Hunter is a resident and citizen of Monticello, Jefferson County, Florida. Defendant Lois H. Hunter was first elected Tax Collector of Jefferson County, Florida in 2001; she was reelected in 2004 then again 2008 during a contested election against opponent Caroline Carswell.    In

2012, Defendant Lois H. Hunter was reelected as Tax Collector of Jefferson County during a contested election against Paul Michael.

## GENERAL ALLEGATIONS

7.     The Tax Collector of Jefferson County Florida is a Constitutional Officer of the State of Florida and whose office is established in Article 8 Section 1(d) of the Florida Constitution.   The Tax Collector is responsible for the collection of ad valorem taxes and other taxes sent at the local level, including those by special levying districts, state agencies and county commissions.  The Tax Collector also acts as an agent of several State Departments including the Department of Revenue, the Department of Highway Safety and Motor Vehicles, and the Fresh Water Fish Commission. In Jefferson County the Tax Collector operates as a fee office and the office budget is approved by the State of Florida Department of Revenue. For the Department of Revenue, the Tax Collector bills and collects real and personal property taxes. As an Agent of the Department of Highway Safety and Motor Vehicles, the Tax Collector issues state motor vehicle licenses and processes applications for titles on automobiles, trucks, mobile homes, and boats. The Tax Collector also sells hunting and fishing licenses for the state of Florida. The Tax Collector's office operates on the fees imposed for services rendered in any excess monies are remitted to the Board of County Commissioners at the end of September of every year. The Tax Collector serves a four-year term

and is elected at the same time as the President of the United States.

8.      The statutory duties of the Tax Collector are set forth in Chapter 197, Florida Statutes. The Tax Collector "may appoint deputies to act in their behalf in carrying out the duties prescribed by law" as set forth by Section 197.103 Florida Statutes.

9.      During the past 12 years of employment by the Jefferson County Tax Collector Defendant Lois H. Hunter, Plaintiff Idella G. Scott has never been vested by the Tax Collector with any purely discretionary managerial duties and responsibilities. Specifically, Tax Collector Defendant Lois H. Hunter has always personally retained and has never delegated and/or vested Deputy Clerk Public Employee Plaintiff Idella G. Scott with any functional duties and responsibilities equivalent to an "alter ego" of the Defendant Tax Clerk herself. Deputy Clerk Public Employee Plaintiff Idella G. Scott has never functioned as" second-in-command" with the power to propose, enact, or enforce official policies of the Tax Collector Defendant Lois H. Hunter. Deputy Clerk Employee Plaintiff Idella G. Scott has never been provided with the power to hire, fire, or discipline fellow employees of the Tax Collector.

10.     Plaintiff Deputy Clerk Idella G. Scott is a "public employee" whose duties and responsibilities have never included confidential or managerial duties and responsibilities of the Tax Collector. The duties and functions of Deputy Clerk

Idella G. Scott have included the following:

       a.     Routine, clerical, and ministerial activities which do not require the exercise of independent judgment in the performance of such jobs

       b.     Routine mental, manual, mechanical and/or physical work

       c.     Work of such a character that the output produced in the result accomplished can be standardized in relation to a given period of time

11.    Plaintiff Deputy Clerk Idella G. Scott's duties and functions have never included the following:

       a.     Power to exercise independent judgment

       b.     Power to formulate policies of uniform application

       c.     Any significant role in employee relations

       d.     Any role in the negotiation, execution and administration of agreements with the Tax Collector's office and other entities

       e.     Any role in the formulation and administration of budgets of the Tax Collector's office

       f.     Power and authority to make public statements on behalf of the Tax Collector about the Tax Collectors work and responsibilities

## THE 2008 ELECTION OF THE TAX COLLECTOR

12.     During the 2008 Election for Tax Collector of Jefferson County, Plaintiff Idella G. Scott was serving as an elected City Council Member for the City of Monticello in Jefferson County, Florida. There is no legal prohibition against an Employee of the County Tax Collector's office simultaneously serving as an elected City Official in the same County.

13.     The 2008 General Election contest for Tax Collector of Jefferson County featured opponents Caroline Carswell and Defendant Lois H. Hunter.

14.     During the 2008 General Election campaign for Jefferson County Tax Collector, Defendant Lois H. Hunter told Deputy Clerk Scott that Hunter had been told by others that Scott was actually campaigning for opponent Caroline Carswell.

15.     After hearing Defendant Lois H. Hunter say that, Plaintiff Idella G. Scott privately told her boss that Scott could not stop being friends with Hunter's opponent just because of the election. Nonetheless, Plaintiff Scott discreetly did not publicly and openly campaign for Defendant Lois H. Hunter's opponent in the election.

16.     Defendant Lois H. Hunter was elected Tax Collector in the 2008 election.

## HOSTILE WORK ENVIRONMENT CREATED BY THE TAX COLLECTOR

17.    From and after her election as Tax Collector in the 2008 election, Defendant Tax Collector Lois H. Hunter initiated a series of actions intended to create and succeeded in creating a hostile work environment for all of the employees and Deputy Tax Collectors employed in the Tax Collector's office.

18.    Defendant Tax Collector Lois H. Hunter created and maintained "secret" employment personnel files on her employees. Defendant Hunter did not disclose these files to the employees. Nor did Defendant Hunter disclose that she was creating and maintaining these "secret" files on her employees. These "secret" files presumably included notations and observations about the performance of the employees and the Tax Collector's office

19.    Defendant Tax Collector Lois H. Hunter never provided her employees with routine official annual or periodic written performance evaluations placed in an official personnel file.

20.    Defendant Tax Collector Lois H. Hunter engaged in a periodic practice of meeting privately with each of her Deputy Clerk employees and encouraging/prompting the employee to gossip about their fellow employees and to provide negative information and details useful and supportive impossible disciplinary personnel actions against each of those fellow employees. Many of

these private meetings were in the nature of "secret investigations" by the Tax Collector into employee conduct that could lead to disciplinary personnel actions. In effect, the Tax Collector engaged in a practice encouraging employees to gossip about fellow employee's conduct that could lead to disciplinary personnel actions. The information garnered by the Tax Collector was reduced to writing and kept in the "secret" personnel files.

The information was also obtained by eavesdropping on employees by "secret" video/audio devices placed throughout the office by the Tax Collector Defendant Hunter.

## THE 2012 ELECTION OF THE TAX COLLECTOR

21.    During the 2012 Election for Tax Collector of Jefferson County, Plaintiff Idella G. Scott was serving as the elected Mayor for the City of Monticello in Jefferson County, Florida.

22.    The 2012 General Election contest for Tax Collector of Jefferson County featured incumbent Tax Collector Defendant Lois H. Hunter against challenger Paul Michael.

23.    The habits of the Tax Collector created and fostered a hostile work environment between Defendant Hunter and the employees and between the employees themselves. Eventually the Deputy Clerk employees figured out that Defendant Tax Collector Lois H. Hunter was using nefarious private gossip

sessions with individual employees for the purpose of collecting adverse damaging information and malicious gossip useful possibly for potentially imposing disciplinary action against employees. Thereafter the employees became reluctant to become "snitches" and cooperate with the Tax Collector in her nefarious practice of collecting malicious gossip and potentially negative and damaging personnel information behind the backs of her employees.

24.     When Defendant Tax Collector Lois H. Hunter discovered that her Deputy Tax Collector employees had figured out that their boss Lois H. Hunter was using her employees to gossip about on each other by secretly collecting potentially negative and damaging personnel information kept in "secret" personnel files, Defendant Hunter expressed statements born of paranoia to them that her employees were "talking behind her back" against her. Defendant Hunter refused to admit and confess the truth to her employees about her nefarious creation of the hostile work environment by secretly investigating and eavesdropping on her employees by encouraging them to gossip on each other, recording them and keeping the information in "secret" personnel files.

25.     During the 2012 Election for Tax Collector of Jefferson County, Plaintiff Idella G. Scott was serving as the elected Mayor for the City of Monticello in Jefferson County, Florida.

26.    The 2012 General Election contest for Tax Collector of Jefferson County featured incumbent Tax Collector Defendant Lois H. Hunter against challenger Paul Michael, a junior college instructor.

27.    Shortly before the general election for Tax Collector, Defendant Tax Collector Lois H. Hunter called Plaintiff Idella G. Scott into her office for a private conversation. Defendant Hunter confronted employee Scott about some information Hunter had received about the election. Specifically, Hunter said she "heard" from others that employee Idella G. Scott had been seen eating lunch with Hunter's election opponent Paul Michael.

28.    During that office conversation, Defendant Hunter threatened Idella G. Scott that if Hunter found out that Scott was campaigning for her opponent Paul Michael, Hunter would retaliate against Plaintiff Deputy Clerk Idella G. Scott by firing her.

29.    In fact, Plaintiff Deputy Clerk Idella G. Scott never did openly and publically campaign for Defendant Hunter's opponent Paul Michael in the 2012 Tax Collectors General Election.

## POST 2012 ELECTION THREAT OF RETALIATION

30.    Following her 2012 reelection but prior to being sworn in, Tax Collector Defendant Lois H. Hunter held a staff meeting of the Deputy Clerk employees in her office. During that meeting, Defendant Hunter made comments

that "I'm having this meeting to allow a "couple of you" to find employment elsewhere". Defendant Hunter told her employees her view that it made no sense for anyone who worked in the Tax Collector's office to campaign for her opponent, "if you want to play that game I'll show you. I'm just waiting to get sworn in". These comments were veiled threats of retaliation by Defendant Hunter pointed against Plaintiff Idella G. Scott for her alleged exercise of "political speech" in allegedly supporting Hunter's political opponent in the 2012 General Election for Tax Collector.

## POST ELECTION RETALIATION ( FALSE ACCUSATION BY HUNTER OF STEALING BY PLAINTIFF SCOTT)

31.    On Tuesday, January 8, 2012, Defendant Hunter called Deputy Clerk Plaintiff Idella G. Scott into Hunter's office. Defendant Hunter accused Plaintiff Scott of collecting tax revenue and failing to account for it in her official report of the collections.

32.    Plaintiff Scott denied the accusation and responded that she had collected and reported the correct amount which was routinely double checked by a coworker.

33.    Defendant Hunter told Scott that Hunter had reviewed her work and that Scott's collections were exactly $612.47 short. Defendant Hunter placed the "short" collection in the office vault overnight and did not deposit the money in the

bank.

34.    Plaintiff Scott again denied that her collections were short. But, Scott said that she would personally make up the difference so that day's collections for January 2, 2013, could be reconciled according to standard practice.

35.    Immediately, Scott reached into her wallet and gave what cash she had to Defendant Hunter. Then Plaintiff Scott immediately went to her bank and withdrew sufficient cash to total $612.47 which was handed to Defendant Hunter by Scott. Defendant Hunter took the cash and counted it to verify the amount Hunter claimed was short (i.e. $612.47).

36.     As the elected Tax Collector for Jefferson County, Defendant Hunter is duty bound by law to immediately report to the proper law enforcement authorities any unlawful conduct including suspected theft of tax receipts by Tax Collector Deputy Clerk employees.

37.    Defendant Tax Collector Hunter never made any report to any law enforcement authorities that she suspected Plaintiff Scott had engaged in unlawful conduct including suspected theft of tax receipts, thereby making the collection "short".

38.    On Thursday, January 10, 2012, Defendant Hunter called Deputy Clerk Plaintiff Idella G. Scott into Hunter's office. Defendant Hunter then told Plaintiff Scott that Hunter had herself discovered an "overage" in the

daily report for collections for January 3, 2013, in the exact amount of $612.47.

39.    In that meeting, Defendant Hunter handed to Scott exactly $612.47 which Scott had previously given to Hunter the same day. Hunter said "here's your money back.  When I did the deposit for the next day, I was "over" the exact amount that I told you I was "short".  Hunter simply said "I don't know how that happened.  But here's your money back".

40.    Defendant Hunter never apologized to Plaintiff Scott for falsely accusing her of being "short" in her tax collections.

## <u>TERMINATION OF THE PLAINTIFF FROM HER EMPLOYMENT</u>

41.    On Friday, January 11, 2012, Defendant Hunter met with Plaintiff Scott and provided her with a "Termination of Employment" letter signed by Hunter also dated January 11, 2012, attached hereto and incorporated herein by reference as Plaintiff's Exhibit 1.

42.    In the January 11, 2012, "termination of employment" letter, Defendant Hunter stated: "effective immediately I have made a decision to terminate your appointment/employment with this office with paid administrative leave through Thursday, January 31, 2013."

43.    The "Termination of Employment" letter confirmed that "as stated in the Deputy Handbook, a Deputy with this office serves at the pleasure of the Jefferson County Tax Collector and either the Tax Collector or Deputy can

terminate the appointment with two weeks notice desirable."

44.     The "Termination of Employment" letter contained no just cause grounds or other reasons for termination of Plaintiff Scott's employment. The letter simply thanked Plaintiff Scott "for your service to the citizens of Jefferson County" and "your service as Deputy Clerk with the Jefferson County Tax Collector's office."

45.     Defendant Hunter was sworn in as Jefferson County Tax Collector on January 10, 2013.

46.     The one and only Deputy Clerk terminated after her reelection by Defendant Hunter was Plaintiff Idella G. Scott. This was done the day after Hunter was sworn in on January 10, 2013.

47.     Defendant Hunter did not conduct any "mass" firings to "clean house" as part of any campaign promise she made. Nor did Hunter campaign on a promise to "clean house" by conducting "mass" firings following her reelection and swearing-in.  Defendant Hunter only terminated Plaintiff Scott.

48.     On the day of terminating Plaintiff Scott's employment, Defendant Hunter held a staff meeting in which Hunter said she "had to take a loss" in a recent bank deposit of tax revenue.

49.     The temporal closeness of Plaintiff Scott's termination immediately followed by Hunter's disclosure that Hunter had "to take a loss" in a recent bank

deposit was intended to be construed by the staff as an accusation that Plaintiff Scott was fired for stealing tax revenue.

### COUNT I:  CAUSE OF ACTION AGAINST DEFENDANT LOIS H HUNTER AS TAX COLLECTOR FOR DENIAL OF CONSTITUTIONAL RIGHTS OF FREE POLITICAL SPEECH AND ASSOCIATION UNDER COLOR OF STATE LAW ARISING FROM TERMINATION OF PLAINTIFFS EMPLOYMENT IN VIOLATION OF TITLE 42 UNITED STATES CODE  § 1983

50.     Plaintiff Scott realleges paragraphs 1-49 inclusive as if fully set forth herein verbatim and further alleges.

51.     This is an action for damages against Defendant Lois H. Hunter as Tax Collector for Jefferson County, Florida for denial of Plaintiffs Constitutional Rights under Color of State Law to free political speech, association and due process arising from termination of Plaintiff's employment in violation of Title 42 United States Code §1983.

52.     At all times material hereto, the actions complained of by Defendant Lois H. Hunter in depriving the constitutional rights of the Plaintiff were made under Color of State Law within the scope of Defendant Hunter's discretionary authority and undertaken pursuant to her performance of her duties and within the scope of her authority as Tax Collector of Jefferson County Florida, A Subdivision of the State of Florida.

53.    As Tax Collector of Jefferson County, Florida, a subdivision of the state of Florida, Defendant Lois H. Hunter was acting within the scope of her discretionary authority because as a County Tax Collector, Hunter has absolute control over the selection and retention of her Deputy Clerks.

54.    Public employment may not be conditioned upon requirements that violate constitutionally protected interests. Terry v. Cook, 866 F.2d 373,375 (11th. Cir.1989)

55.    As a public employee, Plaintiff Idella G. Scott enjoyed a constitutionally protected right to exercise free political speech and association protected by the First and Fourteenth Amendments to the United States Constitution.

56.    Plaintiff Public Employee Scott's right to exercise free political speech includs the right to address public issues or candidates running for public office. Expressing an opinion on candidates running for public office invariably involves matters of public concern because it is the "unfettered interchange of ideas for the bringing about of political and social changes desired by the people." Stough v. Gallagher, 967 F.2d 1523, 1527 (11th Cir. 1992)

57.    The substantial motivating factor in Defendant Hunter's decision to terminate the employment of Plaintiff Scott was because Defendant Hunter perceived that Plaintiff Scott associated with and campaigned for Defendant

Hunter's opponent in the 2012 Tax Collector's general election.

58.    Plaintiff Scott's constitutional right to encourage voters to vote for candidates of her choice "is more than self-expression: it is the essence of self-government and occupies the highest rung of the hierarchy of First Amendment values entitling it to special protection." Stough v. Gallagher, *supra* at 1529 quoting Connick v. Myers, 461 U.S. 138,103 S.Ct.1684, 75 L. Ed. 2d 708 (1983)

59. The manner, time and place of Plaintiff Scott's association with and alleged expression of support for Defendant Hunter's opposing candidate did nothing to impair Defendant Hunter's right to discipline employees, harmony among coworkers, or the close working relationships for which personal loyalty and confidence are necessary, or the regular operation of the Tax Collector's Office of Jefferson County, Florida.

60.    Defendant Hunter perceived that Plaintiff Scott was associating with and campaigning for her opponent while Scott was off duty (i.e. during lunch).

61.    Defendant Hunter perceived that Plaintiff Scott was associating with and campaigning for Hunter's opponent before potential voters, during a regular election, before Defendant Hunter was elected, and while the voters were seeking information on whether Hunter should be reelected as Tax Collector.

62.    Defendant Hunter did not perceive that Plaintiff Scott associated with and/or engaged in campaigning for her opponent at the Tax Collector's office, at any function of the Tax Collector's office, or by making any comments that were false rude or insulting to Defendant Hunter.

63.    Plaintiff Scott's perceived association with and exercise of free political speech in favor of Defendant Hunter's election opponent did not adversely affect Scott's job performance.

## DEFENDANT HUNTER IS NOT ENTITLED TO QUALIFIED IMMUNITY

64.    A reasonable public official in tax Commissioner Hunter's place could not have believed that terminating Scott from her job as a Deputy Clerk did not violate First Amendment law.

65.    The constitutional law establishing Plaintiff Scott's rights to protected political speech and association was clearly established prior to Defendant Hunter's illegal termination of Scott's employment.  Pickering v. Board of Education, 391 U.S. 963, 88 S.Ct. 1731, 20L Ed.2d 811 (1983)

66.    Defendant Hunter had "fair notice" of the Supreme Court is holding in Connick v. Myers, 461 U.S. 138, 103 S.Ct. 1684, 75 L. Ed 2d 708 (1983) that "it has been settled that a state cannot conditioned public employment on a basis that infringes the employees constitutionally protected interest in freedom of expression." See Stough v. Gallagher, 967 F.2d 1523 (11th Cir. 1992); Terry v.

<u>Cook</u>, 866 F.2d 373 (11th Cir. 1989) (A cause of action may lie in this case, however, because Plaintiffs have alleged that they were not rehired because they either supported the previous sheriff or because they did not support Cook in his bid for office. If such allegations are true, then the Plaintiffs are being punished for expressing their preferences between political candidates. (FAY, J. specially concurring); <u>Epps v. Watson</u>, 492 F.3d 1240 (11th Cir. 2007)(illegal termination of Tax Commissioners employee)

67.    As a direct and proximate result of the denial of constitutional rights Plaintiff has suffered stigma plusloss of employment, loss of income, loss of attorneys fees, fringe benefits, loss of reputation and career, humiliation, embarrassment, mental and emotional distress and anguish, loss of self esteem, harm to personal and business reputation.  These damages have occurred in the past and can reasonably be expected to be incurred in the future.

68.    Because of the illegal termination of the Plaintiff for exercising her constitutional rights, Plaintiff has been compelled to retain the services of counsel to represent her in this civil damages case and Plaintiff has been obligated to pay these lawyers reasonable attorney's fees for their services.  Plaintiff is entitled to an award of attorneys fees under 42 UCS §1988.

69.     The unlawful actions taken by Defendant Hunter in denying the Constitutional Rights of Plaintiff Scott were motivated by Hunters malice, ill-will, hatred and intent to destroy the reputation of Plaintiff Scott in the local community and general region.

WHEREFORE, Plaintiff prays that the court will:

     a.     Take jurisdiction of the parties and subject matter of this action

     b.     Deny Pre-answer Qualified Immunity to Defendant Hunter

     c.     Conduct a Jury Trial on all issues triable of right by jury

     d.     Following a favorable court verdict for Plaintiff, enter Final Judgment for Damages, stigma plus loss of employment, loss of income, loss of attorney's fees and costs, fringe benefits, loss of reputation and career, humiliation, embarrassment, mental and emotional distress and anguish, loss of self esteem, harm to personal and business reputation in favor of the Plaintiff

     e.     Enter such other and further relief as the court deems just in the premises

PLAINTIFF DEMANDS TRIAL BY JURY OF ALL ISSUES TRIABLE OF RIGHT BY A JURY.

## COUNT II: CAUSE OF ACTION AGAINST DEFENDANT LOIS H. HUNTER INDIVIDUALLY FOR DENIAL OF CONSTITUTIONAL RIGHTS OF FREE POLITICAL SPEECH AND ASSOCIATION ARISING FROM MALICIOUS TERMINATION OF PLAINTIFFS EMPLOYMENT IN VIOLATION OF FLORIDA STATE LAW

70.     This is an action for damages against Defendant Lois H. Hunter, individually for denial of Plaintiffs Constitutional Rights tor free political speech, association and due process arising from termination of Plaintiffs employment in violation of Article I Sections 5 and 6 of the Florida Constitution.

71.     Plaintiff realleges paragraphs 1-69 inclusive as if fully set forth herein verbatim and further alleges:

72.     As a public employee, Plaintiff Scott also enjoyed state constitutional rights to free political speech and association protected by Article I Sections 5 and 6 of the Florida Constitution.

73.     The unlawful actions taken by Defendant Hunter in denying the Constitutional Rights of Plaintiff Scott were motivated by Hunter's malice, ill-will, hatred and intent to destroy the reputation of Plaintiff Scott in the local community and general region.

WHEREFORE, Plaintiff prays that the court will:

        a.     Take jurisdiction of the parties and subject matter of this action

        b.     Deny Pre-answer Qualified Immunity to Defendant Hunter

  c.  Conduct a Jury Trial on all issues triable of right by jury

  d.  Following a favorable court verdict for Plaintiff, enter Final

Judgment for Damages, stigma plus loss of employment, loss of income, loss of

attorney's fees and costs, fringe benefits, loss of reputation and career, humiliation,

embarrassment, mental and emotional distress and anguish, loss of self esteem,

harm to personal and business reputation in favor of the Plaintiff

  e.  Enter such other and further relief as the court deems just in the

premises including attorney's fees and costs

  PLAINTIFF DEMANDS TRIAL BY JURY OF ALL ISSUES TRIABLE

OF RIGHT BY A JURY.

### <u>COUNT III.  CAUSE OF ACTION FOR DAMAGES AGAINST DEFENDANT LOIS H. HUNTER AS TAX COLLECTOR OF JEFFERSON COUNTY FLORIDA ARISING FROM THE DEFAMATION OF PLAINTIFF SCOTT</u>

74.  This is a cause of action for damages against Defendant Lois H.

Hunter as Tax Collector of Jefferson County, Florida arising from the defamation

of Plaintiff Scott.

75.  Plaintiff realleges the allegations of paragraphs 1-69 inclusive as if

fully set forth herein verbatim and further alleges:

76.  Prior to the actions complained of herein, Plaintiff Scott enjoyed an

unblemished reputation for truthfulness and honesty in Jefferson County, Florida.

This good reputation was reflected in the fact that Plaintiff Scott was elected on multiple occasions as City Council person and subsequently as Mayor by the citizens of Monticello, Florida.

77.     Defendant Lois H. Hunter, acting in her elected position as Tax Collector of Jefferson County, Florida knowingly and intentionally made false and defamatory statements to Deputy Clerk employees of the Tax Collector's office alleging by innuendo that Hunter found certain tax and license revenue collections to be "short" and that Plaintiff Scott had stolen money that included tax and license revenue collections.

78.     Defendant Lois H. Hunter knowingly and intentionally made further false and defamatory statements to Deputy Clerk employees of the Tax Collector's office alleging by innuendo that Plaintiff Scott's employment had been terminated because Scott was responsible for the tax and license revenue collections to be "short" because Plaintiff Scott had stolen the money.

79.     Defendant Lois H. Hunter knowingly and intentionally made further false and defamatory statements to Deputy Clerk employees of the Tax Collector's office alleging by innuendo that Hunter was personally forced to make up the "short" collections caused by the alleged theft the Plaintiff Scott.

80.     Defendant Lois H. Hunter knowingly and intentionally made false and defamatory statements to Deputy Clerk employees of the Tax Collector's office

alleging by innuendo that Plaintiff Scott had committed acts of dishonesty including the felony under Florida State law of "grand theft" and that Plaintiff Scott had been terminated for unlawful felony misconduct.

81.    Defendant Lois H. Hunter knowingly and intentionally made false and defamatory statements to third persons other than the Deputy Clerk employees of the Tax Collector's Office alleging by innuendo that Plaintiff Scott had committed acts of dishonesty including the felony under Florida State law of "grand theft" and that Plaintiff Scott had been terminated for unlawful felony misconduct.

82.    The false and defamatory statements made knowingly and intentionally by Defendant Lois H. Hunter to Deputy Clerk's employees of the Tax Collector's Office and to other third persons alleging by innuendo that Plaintiff Scott had committed acts of dishonesty including the felony under Florida State law of "grand theft" and that Plaintiff Scott had been terminated for unlawful felony misconduct were unprivileged statements by the Defendant Lois H. Hunter.

83.    The false and defamatory statements made knowingly and intentionally by Defendant Lois H. Hunter about Plaintiff Scott were made with ill will, malice, hatred, enmity and with the intent to destroy the reputation of Plaintiff Scott in the local community and general North Florida region.

84.    The false and defamatory statements made by Defendant Lois H. Hunter about Plaintiff Scott were intended by Hunter to subject the Plaintiff to

hatred, distrust, ridicule, contempt and disgrace.

85.     The false and defamatory statements made by Defendant Lois H. Hunter about Plaintiff Scott tended to harm the reputation of the Plaintiff so as to lower her in the estimation of the community and to deter third persons from associating or employing her.

86.     As a direct and proximate result of the knowing and intentional publication by Defendant Lois H. Hunter of the false and defamatory statements about Plaintiff Scott, the reputation of Plaintiff Scott in the community suffered ongoing stigma constituting hatred, distrust, ridicule, shun, avoidance, refrain from association, contempt and disgrace which is continuing and will continue into the future.

87.     As a direct and proximate result of the knowing and intentional publication by Defendant Lois H. Hunter of the false and defamatory statements about Plaintiff Scott, Plaintiff Scott has suffered "stigma" of loss of employment, loss of income, loss of fringe benefits, loss of reputation and career, humiliation, embarrassment, mental and emotional distress and anguish, loss of self-esteem and harm to personal and business reputation "plus" deprivation of her Constitutional Rights to free political speech, association and due process.

WHEREFORE, Plaintiff prays that the court will:

        a.     Take jurisdiction of the parties and subject matter of this action.

b.      Conduct a jury trial on all issues triable of right by a jury

c.      Following a favorable jury verdict for Plaintiff, enter Final

Judgment for compensatory damages, loss of employment, loss of income, back

pay, fringe benefits, loss of reputation and career, humiliation, embarrassment,

mental and emotional distress and anguish, loss of self-esteem, harm to personal

and business reputation, attorney's fees and the cost of this action

d.      Enter such other and further relief as the court deems just in the

premises

PLAINTIFF DEMANDS TRIAL BY JURY OF ALL ISSUES TRIABLE

OF RIGHT BY A JURY

## COUNT IV:  CAUSE OF ACTION FOR DAMAGES AGAINST DEFENDANT LOIS H. HUNTER INDIVIDUALLY ARISING FROM THE DEFAMATION OF PLAINTIFF SCOTT

88.     This is a cause of action for damages against Defendant Lois H.

Hunter individually arising from the defamation of Plaintiff Scott.

89.     Plaintiff realleges paragraphs 1-69, 76, 78-83 inclusive as if fully set

forth herein verbatim and further alleges:

90.     Defendant Lois H. Hunter, knowingly and intentionally made false

and defamatory statements to Deputy Clerk employees of the Tax Collector's office

alleging by innuendo that Hunter found certain tax and license revenue collections

to be "short" and that Plaintiff Scott had stolen money that included tax and license

revenue collections.

91.    Plaintiff realleges the allegations of paragraphs 84-87 inclusive as if set forth herein verbatim and further alleges:

WHEREFORE, Plaintiff prays that the court will:

        a.    Take jurisdiction of the parties and subject matter of this action

        b.    Conduct a jury trial on all issues triable of right by a jury

        c.    Following a favorable jury verdict for Plaintiff, enter final judgment for compensatory damages, loss of employment, loss of income, back pay, fringe benefits, loss of reputation and career, humiliation, embarrassment, mental and emotional distress and anguish, loss of self-esteem, harm to personal and business reputation, attorney's fees and the cost of this action, and punitive damages.

        d.    Enter such other and further relief as the court deems just in the premises

PLAINTIFF DEMANDS TRIAL BY JURY OF ALL ISSUES TRIABLE OF RIGHT BY A JURY

**COUNT V: CLAIM FOR RELIEF FOR PRELIMINARY INJUNCTION PREVENTING TERMINATION OF PLAINTIFF'S EMPLOYMENT ARISING FROM THE DENIAL OF PLAINTIFFS CONSTITUTIONAL RIGHTS OF FREE POLITICAL SPEECH AND ASSOCIATION AND DUE PROCESS GUARANTEED BY THE FIRST AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I SECTIONS 4 AND 5 OF THE FLORIDA CONSTITUTION**

92.     This is a Claim for Relief for Preliminary Injunction preventing termination of Plaintiff's employment arising from the denial of Plaintiffs Constitutional Rights of free political speech, association and due process guaranteed by the First and Fourteenth Amendments to the United States Constitution and Article I Sections 4 and 5 of the Florida Constitution

93.     Plaintiff alleges the allegations of paragraphs 1-90 inclusive as if fully set forth herein verbatim and further alleges:

94.     The law is well established that the state may not demote or discharge a public employee in retaliation for speech protected under the First Amendment. Bryson v. City of Waycross, 888 F.2d 1562, 1565 (11th Cir. 1989).

95.     A public employee who serves "at will" can be fired for any reason or no reason at all, but cannot be discharged for an unconstitutional reason. Connick v. Myers, 461 U.S. 138,142, 103 S. Ct. 1684, 1687, 75 L. Ed. 2d 708 (1983).

96.     The threatened termination of Plaintiff's employment by Defendant Lois H. Hunter is in retaliation for free political speech and association protected

under the First and Fourteenth Amendment since:

      a.     Plaintiffs expression (support of an opposing candidate to her

employer in a contested general election) addressed a matter of public concern.

Sweezy v. New Hampshire, 354 U.S. 234, 77 S.Ct. 1203, 1 L. Ed. 2d 1311

(1957)(participation in political activities is an integral part of United States

citizenship insured by the United States constitutions First Amendment freedoms

of speech and association)

      b.     Plaintiffs First Amendment interests outweigh the interests of

her employer in preserving the efficiency of government services since (i)

supporting an opposing candidate in a contested general election does not impede

the government's ability to perform its duties efficiently, (ii) the manner time and

place of Plaintiffs support for the opposing candidate were proper and did not

interfere with the government's ability to perform its duties efficiently, and (iii) the

support of the opposing candidate was proper since it was made in the context of

ongoing contested general election.  Rankin v. McPherson, 483 U. S. 378,384, 107

S. Ct. 2891, 2897, 97 L. Ed. 2d 315 (1987)

      c.     The Employer's Conduct in discharging the Plaintiff in

retaliation for speech protected under the First Amendment was the substantial or

motivating factor in the termination decision. The Defendant Tax Collector Lois H.

Hunter would not have reached the same decision to terminate the Plaintiff's

employment in the absence of the protected conduct. <u>Mt. Healthy City School Dist.</u>

<u>Board of Educ v. Doyle</u>, 428 U. S. 274, 287, 97 S.Ct. 568,576, 50 L.Ed. 2d 471

(1977)

97.     From the lawful action of the Defendant Lois H. Hunter terminating

Plaintiff's employment, Plaintiff has suffered "stigma-plus" comprising both a

valid defamation claim (the stigma) and the additional constitutional injuries

including deprivation of rights to political free speech, association and due process.

<u>Rehberg v. Paulk</u>, 611 F.3d 828,852 (11th Cir. 2010)

98.     Any reasonable public official in Defendant Lois H. Hunter's place

could not have believed that terminating Plaintiff Scott did not violate clearly

established First Amendment law since:

a.      Public employees are entitled to practice political speech

without retaliation by the state. <u>Pickering v. Board of Education</u>, 391 U.S. 563,568,

88 S. Ct. 1731, 1734, 20 L.Ed. 2d 811 (1968)

b.      It is settled law that a state cannot condition public employment

on a basis that infringes the employees constitutionally protected interest in

freedom of expression. <u>Connick v. Myers</u>, *supra*.

c.      Public Employers have limited power to condition the retention

of public employment on political patronage and political speech. <u>Elrod v. Burns</u>,

427 U.S. 347,86 S. Ct. 2673,49 L.Ed. 2d 547 (1976); <u>Rankin v McPherson</u>, *supra*.

d.      Political Speech addressing public issues or candidates running for public office invariably address matters of public concern because it is the unfettered interchange of ideas for the bringing about of political and social changes desired by the people and occupies the highest wrong of the hierarchy of First Amendment values entitling it to special protection.  Connick v. Myers, *supra* 461 U.S. at 145, 103 S.Ct. at 1689.

e.      The Plaintiff's Deputy Clerk duties were simple and ministerial and did not require confidence and loyalty as appropriate requirements to their effective performance. The Plaintiff was not a confidential/managerial employee. Terry v. Cook, 866 F.2d 373 (11th Cir. 1989); Stough v. Gallagher, 967 F.2d 1523 (11th Cir. 1992) (See Affidavit of Plaintiff Scott attached hereto as Plaintiffs Exhibit 2)

f.      It has been clearly established in the 11th Circuit that Deputy Clerks in a Tax Commissioner's Office enjoy First Amendment freedoms from termination of employment for supporting candidates who oppose their employer in a contested election. Epps v. Watson, 492 F.3d 1240 (11th Cir. 2007)

99.    The following factors established by the 11th Circuit for issuing a preliminary injunction have been established

a.      Plaintiff has demonstrated a substantial likelihood of success on

the merits of her claims.

      b.    There is a substantial threat of irreparable injury to the Plaintiff if the injunction is not issued.

      c.    The threatened injury to the Plaintiff if the injunction is denied outweighs any harm that will result if the injunction is granted.

      d.    Granting of the Injunction will not disserve the public interest.

Osmose Inc. v. Viance LLC, 612 F.3d 1298 (11th Cir. 2010)

WHEREFORE Plaintiff prays that the court will:

      a.    Take jurisdiction the parties and the subject matter of this action.

      b.    Immediately conduct a hearing on Plaintiff's request for entry of the Preliminary Injunction. Baker v. Buckeye Cellulose Corp, 856 F.2d 167 (11th Cir. 1988) (Error to deny preliminary injunction without conducting an evidentiary hearing)

      c.    Enter a Preliminary Injunction prohibiting Defendant Lois H. Hunter from terminating the employment of Plaintiff Scott prior to the Final Hearing in this case.

      d.    Enter such other and further relief as the court deems just in the premises

PLAINTIFF DEMANDS TRIAL BY JURY OF ALL ISSUES TRIABLE

OF RIGHT BY A JURY

Dated this 16th day of January 2013

<u>/s/ Sidney L. Matthew</u>
SIDNEY L. MATTHEW
Florida Bar ID No. 193496
SIDNEY L. MATTHEW, P.A.
Post Office Box 1754
Tallahassee, Florida   32302
Telephone (850) 224-7887
Facsimile (850) 681-3122
Email:  sidmatthew@earthlink.net
Attorney for IDELLA G. SCOTT

## VERIFICATION

I, the undersigned, certify and declare that I have read the foregoing Complaint in Idella G. Scott v. Lois H. Hunter, individually and as Tax Collector of Jefferson County, Florida, and know its contents. I am a party to this action, and am authorized to make this verification, and I make this verification for that reason. The factual allegations contained in the foregoing Complaint are true and accurate as of the date hereof.

Executed this 16ᵗʰ day of January, 2013

I declare under penalty of perjury under the laws of the State of Florida that the foregoing is true and correct.

IDELLA G. SCOTT
PLAINTIFF

# <u>INDEX TO COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF</u>

Jurisdiction

Parties

General Allegations

The 2008 Election of the Tax Collector

Hostile Work Environment Created by the Tax Collector

The 2012 Election of the Tax Collector

Post 2012 Election Threat of Retaliation

Post Election Retaliation (False Accusations by Hunter of Stealing by Plaintiff Scott)

Termination of the Plaintiff from her Employment

COUNT I: Cause of Action against Defendant Lois H. Hunter as Tax Collector for Denial of Constitutional Right of Free Speech and Association under Color of State Law Arising from Termination of Plaintiffs Employment in Violation of Title 42 United States Code §1983

Defendant Hunter is Not Entitled to Qualified Immunity

COUNT II: Cause of Action against Defendant Lois H. Hunter individually for Denial of Constitutional Rights of Free Speech and Association under Color of State of Law Arising from Malicious Termination of Plaintiffs Employment in Violation of Title 42 Unites States Code §1983

COUNT III: Cause of Action for Damages against Defendant Lois H. Hunter as Tax Collector of Jefferson County, Florida arising from the Defamation of Plaintiff Scott

COUNT IV: Cause of Action for Damages against Defendant Lois H. Hunter individually arising from Defamation of Plaintiff Scott.

COUNT V: Claim for Relief for Preliminary Injunction Preventing Termination of Plaintiffs Employment arising from the denial of Plaintiffs Constitutional Rights of Free Political Speech and Association and Due Process Guaranteed by the First and Fourteenth Amendments to the United States Constitution and Article I Section 4 and 5 of the Florida Constitutions.

## <u>EXHIBITS TO COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF</u>

Exhibit 1:    Letter of Termination of Employment to Idella G. Scott dated January 11, 2013

Exhibit 2:    Affidavit of Idella G. Scott dated January 15, 2013



# *Lois H. Hunter, C.F.C.*

Jefferson County Tax Collector
500 West Walnut Street
Monticello, Florida 32344

Phone (850) 342-0147
Fax   (850) 342-0149

January 11, 2013

Idella G. Scott
190 Bishop Drive
Monticello, FL 32344

RE: Termination of Employment

Dear Ms. Scott:

I would like to take this opportunity to thank you for your service as a Deputy Clerk with the Jefferson County Tax Collector's Office. As stated in the deputy handbook, a deputy with this office serves at the pleasure of the Jefferson County Tax Collector and either the Tax Collector or deputy can terminate the appointment with two (2) week notice desirable.

Effective immediately I have made a decision to terminate your appointment/employment with this office with paid Administrative Leave through Thursday, January 31, 2013. You will also be compensated for sick and annual leave as outlined in the deputy handbook.

Please submit all keys and equipment that belong to the office prior to leaving today. Your personal belongings will be collected and arrangements will be made to return these items to you as soon as possible. If additional items were overlooked, please provide a list to the office and those items will be collected and returned as well.

If any personal correspondence is received via mail in the future, we will gladly forward to your personal address or make arrangements for an alternative delivery method of your choice.

Again, thank you for your service to the Citizens of Jefferson County and best wishes for your future endeavors.

Sincerely,

Lois Howell-Hunter
Jefferson County Tax Collector

*Refuse to take it*
*When left the office.*
*1/11/13 BAH*

*Acknowledgement of Receipt*

_____
Idella G. Scott (Printed)

_____
Idella G. Scott (Signature)

_____
Date

π Scott Exh 1

## AFFIDAVIT OF IDELLA G. SCOTT

State of Florida

County of Leon

_____/

PERSONALLY APPEARED before me, the undersigned authority to take oaths, Idella G. Scott, who having been duly sworn does depose and say:

1.  My name is Idella G. Scott and I am over the age of 21 years.

2.  I am employed as a Deputy Clerk with the Tax Collector of Jefferson County, Florida, as of February 14, 2001.

3.  I have engaged in the following duties as Deputy Clerk:

     a.     Routine, clerical, and ministerial activities which do not require the exercise of independent judgment in the performance of such jobs

     b.     Routine mental, manual, mechanical and/or physical work

     c.     Work of such a character that the output produced in the result accomplished can be standardized in relation to a given period of time

4.  I have not engaged in the following duties as Deputy Clerk:

     a.     Power to exercise independent judgment

     b.     Power to formulate policies of uniform application

     c.     Any significant role in employee relations

     d.     Any role in the negotiation, execution and administration of agreements with the Tax Collector's office and other entities

     e.     Any role in the formulation and administration of budgets of the Tax Collector's office

     f.     Power and authority to make public statements on behalf of the Tax Collector about the Tax Collectors work and responsibilities

     g.     Power to act as alter ego of the Tax Collector

Ex. 2

5.   My duties and job functions as deputy clerk included the following:

    a.    open office with keys to office if office manager is late or out of town

    b.    Turn on lights

    c.    Unlock vault

    d.    Turn on copier and computer

    e.    Fill copier and fax machine with paper

    f.    Prepare "beginning of the day" report in computer containing FVRIS program. This records daily transactions for the day including tag, title, hunting and fishing licenses.

    g.    Unlock doors at 8:00 a.m. to allow the public to enter the office

    h.    Wait on customers:

        i.    Renew tags

        ii.    Transfer titles

        iii.    Issue hunting and fishing licenses

        iv.    Collect and post tax payments

        v.    Answer routine questions

        vi.    Issue receipts

    i.    Prepare routine tag inventory

    j.    Order tags from HQTRS in Tallahassee

    k.    When tags are received record the input into system

    l.    Order tags and titles for branch offices, 2, 3, and 4

    m.    Go to lunch

    n.    Prepare daily reconciliation deposits for taxes, tag and title

    o.    Prepare the routine "end of the day" report containing transactions for the day.

FURTHER AFFIANT SAYETH NOT

 

IDELLA G. SCOTT

Sworn to and subscribed before me this   15th  day of January 2013. (    ) who is personally known to me or ( ✕ ) who produced a Florida driver's license as identification.



VICTORIA R. BRAMBLETT
Commission # EE 862963
Expires January 6, 2017
Bonded Thru Troy Fain Insurance 800-385-7019

Notary Public/State of Florida