UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IDELLA G. SCOTT,                              Case No.: 4:13-cv-00019-RH-CAS

    Plaintiff,

v.

LOIS H. HUNTER, individually and as
Tax Collector for Jefferson County,
Florida,

    Defendant.
_____/

**DEFENDANT'S RESPONSIVE MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION**

Defendant, LOIS H. HUNTER (hereinafter "Defendant" or "Tax Collector"), by and through her undersigned counsel, files this responsive memorandum in opposition to Plaintiff, IDELLA G. SCOTT's (hereinafter "Plaintiff") Emergency Motion for Preliminary Injunction, and in support thereof, says:

**Entry of Preliminary Injunction Requires Burden of
Persuasion on all Four Elements**

The Eleventh Circuit has previously held that in order for a district court to grant preliminary injunctive relief, the moving party must show that: "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would

not be adverse to the public interest." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000). Furthermore, "[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to *each* of the *four prerequisites*." *Id.* (emphasis added). As such, a grant of preliminary injunction should be the "exception rather than the rule." Texas v. Seatrain Int'l, S.A., 518 F.2d 175, 179 (5th Cir. 1975). If the Plaintiff fails to clearly establish the burden of persuasion on any one of the four elements, the preliminary injunction must not be granted. *See* Horton v. City of St. Augustine, FL, 272 F.3d 1318, 1344 (11th Cir. 2001) (overturning the district court's order granting preliminary injunction on the conclusion that plaintiff had not shown substantial likelihood of success on the merits).

## Plaintiff Cannot Establish Burden of Persuasion on Likelihood of Success on the Merits

### A. State Defamation Claim

Florida law recognizes a cause of action for defamation consisting of the following five elements: "(1) publication; (2) *falsity*; (3) actor must act with *knowledge or reckless disregard as to the falsity on a matter concerning a public official*, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory." Jews For Jesus, Inc. v. Rapp, 997 So. 2d 1098, 1106 (Fla. 2008) (emphasis added).

Plaintiff alleges that Tax Collector told her employees during a staff meeting that she "'had to take a loss' in a recent bank deposit of tax revenues." See Compl. at ¶ 48. Publication requires the making of the statement (unprivileged publication) to a third

2

party. *See* IBP, Inc. v. Hady Enters., Inc., 267 F.Supp. 2d 1148, 1163 (N.D. Fla. 2002), *aff'd.*, 52 Fed. Appx. 487 (11th Cir. 2002). Plaintiff cannot meet the requisite burden to establish a publication that such statement did in fact occur; and as such the Plaintiff cannot establish the first element.

Even assuming *arguendo* that the alleged statement was made by Tax Collector, it could not be found to have been false. On January 2, 2013, Plaintiff's revenue deposit was short. In the past, when such a discrepancy arose, Tax Collector and the Plaintiff spent time retracing the transactions and determining why the discrepancy occurred, which is usually due to miscalculation or clerical error in collecting cash and/or making change. Tax Collector had no belief that the cause of Plaintiff's discrepancy was anything more than a clerical error. Prior to terminating Plaintiff, Tax Collector used her own personal funds to reimburse Scott for money paid towards the discrepancy. Tax Collector reimbursed Plaintiff prior to her termination so that there would be no unresolved financial issues upon Plaintiff's leaving the office.

Truth is an affirmative defense of defamation; see Linafelt v. Beverly Enters.-Florida, Inc., 725 So. 2d 386, 389 (Fla. 1st Dist. Ct. App. 1999) ("However, the statement was true. Accordingly, appellant's claim for defamation must fail.") and the Florida Constitution states, "[i]f the matter charged as defamatory is true and was published with good motives, the party shall be acquitted or exonerated." FLA. CONST. art. 1, § 4. Because Plaintiff's revenue deposit was in fact short, and because Tax Collector did in fact take a personal loss, Plaintiff cannot satisfy the second element because the alleged statement, if published, would have been true.

The Plaintiff, as a public official, has a heightened burden with respect to the third element of her defamation claim so that Plaintiff must establish that the alleged false statement was made with "actual malice." *See*, N.Y. Times, Co. v. Sullivan, 376 U.S. 254 (1964). *See also* Dunn v. Air Line Pilots Ass'n, 193 F.3d 1185, 1192 (11th Cir. 1999) ("To show 'actual malice' a plaintiff must establish by clear and convincing evidence that the speaker made the statement *'with knowledge that it was false or with reckless disregard of whether it was false or not.'*") (emphasis added). Plaintiff qualifies as a "public official" through her role as mayor of Monticello. *See* Ocala Star-Banner Co. v. Damron, 401 U.S. 295, 299 (1971). Assuming the alleged statement was made, Defendant did not possess the requisite knowledge that the statement was false nor would the statement rise to the level of reckless disregard because, as discussed above, Tax Collector did in fact take a personal loss in the revenue deposit.

Plaintiff states further that the statement is defamatory by way of innuendo, alleging that the proximity in time of the statement and the termination of Plaintiff's employment insinuated that the loss of tax revenues was the reason for Plaintiff's termination. However, Tax Collector never discussed the reason for the termination of Plaintiff with Tax Collector's employees. Any conclusions drawn by the employees with regard to the reason for the termination are from their own assumptions and not from any affirmative statements of the Defendant. Furthermore, even if the employees did make such an inference, an explanation of the reason for an employee's termination has not been held to be defamatory. *See* Smith v. Anheuser-Busch Brewing Co., Inc., 346 So. 2d 125, 126 (Fla. 1st Dist. Ct. App. 1977).

According to the authority and discussion of facts above, Plaintiff is unable to carry the burden of persuasion on any of the five elements of her claims for defamation, and therefore cannot carry the burden of persuasion of substantial likelihood of success on the merits necessary to receive the injunctive relief being sought herein.

B.   *Free Speech Retaliation Claim*

Tax Collector's decision to terminate the employment of Plaintiff was not in retaliation for Plaintiff's political speech or lack thereof. The Supreme Court of the United States has established that Plaintiff carries the burden to show that the conduct was constitutionally protected and that the conduct was a "motivating factor" in Tax Collector's decision to terminate Plaintiff's employment." See, Mt. Healthy Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). Tax Collector denies making the alleged statement that: "if [she] found out that [Plaintiff] Scott was campaigning for her opponent… [she] would retaliate against Plaintiff…Scott by firing her." See Compl. at ¶ 28. Plaintiff has provided no such proof of the alleged statements outside of Plaintiff's bare allegations.

At no time did Tax Collector prohibit or attempt to stifle the Plaintiff's constitutionally protected First Amendment activities. Tax Collector rejects any allegation that she believed or perceived that the Plaintiff supported her political opponent.

Tax Collector denies that the decision to terminate Plaintiff's employment was due to alleged protected conduct. However, should this court find that Plaintiff has carried her burden of proof as to the protected conduct, the United States Supreme Court

has held that Defendant may show, by a preponderance of the evidence, that she: "would have reached the same decision" in terminating Plaintiff's employment "even in the absence of the protected conduct." *See, Mt. Healthy* at 287.

Tax Collector's decision to terminate Plaintiff's employment was based upon multiple grounds other than any protected free-speech conduct. Such grounds included multiple occasions upon which Plaintiff's revenue collection accounting came up short (including the specific instance discussed above), hindered performance of Plaintiff's duties due to Plaintiff's multiple job commitments, disrespectful comments made by the Plaintiff and directed to the Defendant during working hours, a diminution of office morale, and hindered performance of Plaintiff's duties due to time spent socializing with citizens who came into the office. As Plaintiff was an at-will employee, Tax Collector had the discretion to fire Plaintiff upon any of these lawful grounds for termination. *See Liff v. City of Cocoa*, 745 So. 2d 441, 441 (Fla. 5th Dist. Ct. App. 1999) ("The law in Florida is clear that, '[i]n the absence of a specific statute granting a property interest, a contract of employment (implied or express) which is indefinite as to term of employment is terminable at the will of either party without cause and an action for wrongful discharge will not lie.' ").

### Plaintiff Has Failed to Prove the Required Factors for Issuing a Preliminary Injunction

No injury of "stigma plus" exists under Plaintiff's defamation claim because, as noted above, Plaintiff was not defamed, thereby failing to prove the required "stigma." Furthermore, there is no injury or deprivation of Plaintiff's right to free speech because

the Plaintiff's termination was wholly unrelated to any protected conduct. As such there was no "direct penalization" of her First Amendment necessary to justifying entry of a preliminary injunction. Therefore, Plaintiff has failed to satisfy the second factor in the determination of whether or not to issue the preliminary injunction.

In evaluating the third factor, weighing the threatened harm to the Plaintiff against the potential harm that will result should the injunction be issued, the threatened harm to the Tax Collector's office outweighs that of Plaintiff, as the only injury to the Plaintiff is loss of wages for which the Plaintiff could recover after a full disposition of her claims. Plaintiff was an at-will employee; therefore, Defendant was free to fire Plaintiff for no reason at all, as long as the firing was not based on an unconstitutional reason. Connick v. Myers, 461 U.S. 138, 147 (1983). Alternatively, enjoining Plaintiff's termination of employment will lead to continued ineffectiveness in her duties, the undermining of Tax Collector's authority, as well as potential disruption in the workplace due to friction between Plaintiff and Defendant. The Court, in *Connick*, held that a trial court should give: "full consideration of the government's interest in the effective and efficient fulfillment of its responsibilities to the public." *Id.* at 150.

Finally, granting Plaintiff's motion for injunction will disserve the public interest and result in less-efficient operations being provided to the public by the Tax Collector's office. Co-workers of Plaintiff have stated that Plaintiff was a disruption in the workplace through Plaintiff's overall demeanor and inefficiency, ultimately decreasing the morale of the office. Additionally, Plaintiff's co-workers have stated that Plaintiff was disrespectful and that Plaintiff spent an inappropriate amount socializing with customers about

unrelated matters, resulting in a more congested office. Furthermore, Plaintiff conducted business relating to her position as mayor during her working hours as an employee at the Tax Collector's office, another factor leading to inefficiency. Ultimately, granting Plaintiff's motion for preliminary injunction will require the use of public funds to perpetuate inefficient operations as these funds will be used to continue to pay Plaintiff's salary during the injunctive period. Therefore, the granting of the injunction will disserve the public interest.

**WHEREFORE,** Defendant, LOIS H. HUNTER, maintains that Plaintiff, IDELLA G. SCOTT, cannot meet the burden of persuasion on all four elements required, and therefore, this Court should deny Plaintiff's Motion for Preliminary Injunction.

Should this Court decide to grant Plaintiff's motion, Defendant requests this Court to require Plaintiff to post a surety bond in an amount equal to the wages paid to Plaintiff during injunctive period, pursuant to Fed. R. Civ. Pro. 65(c), which states that: "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."

[*Intentionally Left Blank*]

Respectfully submitted this 29th day of January 2013.

/s/ Timothy R. Qualls_____
Stephen G. Webster
Fla. Bar No. 0014054
Timothy R. Qualls
Fla. Bar No. 15658
Young van Assenderp, P.A.
215 South Monroe Street – Suite 802
Tallahassee, FL 32301-1833
Telephone:  850-222-7206
Facsimile:  850-561-6834
Email:   tqualls@yvlaw.net

Counsel for Defendant, Lois Howell-Hunter, Tax Collector in and for the Political Subdivision of Jefferson County.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail and electronically to Sidney L. Matthew, Post Office Box 1754, Tallahassee, Florida 32302, attorney for Plaintiff, on this 29th day of January 2013.

/s/ Timothy R. Qualls